# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| EMORY HARRIS, | : | CIVIL ACTION NO. |
| BOP Reg. # 67214-019, | : | 1:17-CV-4627-TWT-JCF |
|     Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:16-CR-271-TWT-JCF-1 |
| | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
|     Respondent. | : | 28 U.S.C. § 2255 |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Movant has filed a 28 U.S.C. § 2255 motion challenging the Court's order that

he pay restitution (Doc. 8); the government has responded (Doc. 11); and Movant has

not replied within the time allowed for him to do so.

## I.    Procedural History

On March 4, 2015, Movant and three others were indicted for conspiracy to

commit tax fraud and for filing false claims for tax refunds.  (Doc. 11 at 1 (citing

*United States v. Harris*, 1:15-cr-73-TWT-CMS (Case # 1))).  In the case at hand,

> [Movant] and the government reached a resolution whereby [he] waived
> indictment and pled guilty to a criminal information [(Doc. 3; *see* Doc.
> 1)]. The negotiated charge was one count of obstructing the Internal
> Revenue Service under 26 U.S.C. § 7212, an offense with a 3-year
> statutory maximum capping his exposure below that in the indictment [in
> Case # 1, which was later dismissed as part of Movant's plea deal] . . . .
> In his plea agreement, as part of the consideration for the plea to a

favorable charge, [Movant] "agree[d] to pay full restitution to the Clerk of Court for distribution to all victims of the offense to which he is pleading guilty" in an amount to be determined at sentencing. [(Doc. 3-1 ¶ 24)]. On July 26, 2016, [Movant] entered his guilty plea to the information.

(*Id.* at 2). The information stated that Movant "caused to be made and presented to the United States Treasury Department a claim against the United States for payment of a refund of taxes to C.L. in the amount of $435,990, which [Movant] well knew to be false, fictitious and fraudulent, in that C.L. was not entitled to a tax refund in this amount." (Doc. 1). On November 10, 2016, Movant received a 24-month sentence and was ordered to pay $435,990 in restitution to the Internal Revenue Service. (Doc. 11 at 1, 2 (*see* Doc. 6)).

Movant challenges only "the decision by the district court regarding [his] obligation of restitution," and claims that his trial counsel was ineffective for failing to bring to the Court's attention at sentencing a recent Supreme Court case "referencing a restitution situation similar to [his, which] would have given [him] a different outcome." (Doc. 8 at 4-5).

## II.   Discussion

To prevail on a claim of ineffective assistance, a defendant must establish two things: (1) "counsel's performance was deficient," meaning it "fell below an objective standard of reasonableness," and (2) "the

deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To satisfy the deficient-performance prong, the defendant must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. The defendant must rebut the strong presumption that his counsel's conduct fell within the range of reasonable professional assistance. *Id.* at 689.

*Connolly v. United States*, 568 Fed. Appx. 770, 770-71 (11th Cir. 2014).

The government argues that Movant's § 2255 motion fails because it is well-established in this Circuit that "challenges to restitution are not cognizable in a § 2255 proceeding." (Doc. 11 at 3 (citing *Mamone v. United States*, 559 F.3d 1209, 1211 (11th Cir. 2009), for its holding that "a challenge to restitution [is] not properly raised in a § 2255 motion because § 2255 motions apply [only] to prisoners challenging their custody")); *see Smith v. United States*, 16-17412-B, 2017 U.S. App. LEXIS 25726, at *3-4 (11th Cir. Sept. 7, 2017) (citing *Mamone* and denying a certificate of appealability because "granting a restitution reduction would be taking an action not authorized by the plain language of [§ 2255 — ] a restitution reduction [does] not constitute a release from custody").

The government also notes that the Supreme Court case to which Movant refers, *Honeycutt v. United States*, 137 S. Ct. 1626 (2017), was decided on June 5, 2017, seven months *after* Movant's sentencing. (Doc. 11 at 3). And at issue in *Honeycutt*

3

was not restitution but rather forfeiture under a criminal statute applicable to drug offenses, 21 U.S.C. § 853, which the Supreme Court held does not make a defendant "jointly and severally liable for property that his co-conspirator derived from the crime but that the defendant himself did not acquire." *Honeycutt*, 137 S. Ct. at 1630. (*See* Doc. 11 at 4 (noting that courts distinguish restitution — authorized by the Mandatory Victim Restitution Act of 1996, intended to make crime victims whole — from forfeiture statutes, which require that defendants forfeit their criminal proceeds)).

The government argues further that "[d]efense counsel could not be expected to anticipate a Supreme Court decision on an issue which had not even been argued when her client was sentenced or to raise the issue in a matter where no forfeiture was at issue." (*Id.* at 5). Finally, the government argues that "[a]s for any injustice, [Movant] is and should be jointly liable for the loss here because he was the main proponent and a key executor of the tax fraud scheme." (*Id.*).

Movant has not replied to these arguments, all of which the Court finds compelling. Movant understood from the Information that the loss amount in this case was at least $435,990 (Doc. 1), and he agreed "to pay *full restitution* to the Clerk of Court for distribution to all victims of the offense to which he is pleading guilty and all relevant conduct, including, but not limited to, any counts dismissed as a result of

4

this Plea Agreement" (Doc. 3-1 ¶ 24 (emphasis added)).  Unless Movant can provide

evidence to the contrary, and he does not even suggest that such evidence exists, full

restitution in this case is at least $435,990.  The Court is not aware of any basis on

which Movant's counsel could have successfully challenged his restitution amount at

sentencing, and Movant has not provided any.  His § 2255 motion should be denied.

## III.   Certificate of Appealability

A § 2255 movant must obtain a certificate of appealability ("COA") before

appealing the denial of a motion to vacate.  28 U.S.C. § 2255(d); 28 U.S.C.

§ 2253(c)(1)(B).  A COA may issue only when the movant makes a "substantial

showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This

standard is met when "reasonable jurists could debate whether (or, for that matter,

agree that) the [motion to vacate] should have been resolved in a different manner or

that the issues presented were adequate to deserve encouragement to proceed further."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted).  A movant

need not "show he will ultimately succeed on appeal" because "[t]he question is the

debatability of the underlying constitutional claim, not the resolution of that debate."

*Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir.) (citing *Miller-El v.*

*Cockrell*, 537 U.S. 322, 337, 342 (2003)).  Although *Slack* involved an appeal from

the denial of a 28 U.S.C. § 2254 petition, the same standard applies here.  *See Jones*

*v. United States*, 224 F.3d 1251, 1254 (11th Cir. 2000) (applying *Slack* standard in

§ 2255 case).  Because there is no reasonable argument that Movant has set forth a

meritorious claim in his § 2255 motion, a COA should not issue in this matter.

## IV.    Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the Court **DENY**

Movant's 28 U.S.C. § 2255 motion (Doc. 8) and **DENY** Movant a certificate of

appealability.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**SO RECOMMENDED** this 8th day of February, 2018.

 /s/ *J. CLAY FULLER*
 J. CLAY FULLER
 United States Magistrate Judge